UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ERIC R. CERWONKA                          Civil Action No. 6:17-1095

versus                                                                Judge Unassigned

STATE OF LOUISIANA                   Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion to Dismiss [Doc. 5] filed by the defendant, the State of Louisiana, through the Louisiana State Board of Examiners of Psychologists of the Department of Health and Human Services ("the Board"). Plaintiff Eric Cerwonka filed an opposition to the motion [Doc. 8], and the defendant filed a reply brief [Doc. 11]. The motion to dismiss is asserted under both Rule 12(b)(1) for lack of federal jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the undersigned recommends that the motion to dismiss for lack of federal jurisdiction be GRANTED, and that the plaintiff's claims against the Board be DENIED AND DISMISSED WITHOUT PREJUDICE. Because the undersigned recommends dismissal on jurisdictional grounds, the undersigned makes no recommendation on the movant's request for a dismissal under Rule 12(b)(6).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the lawsuit are as follows. Plaintiff was a practicing psychologist in Louisiana and was working for the Veterans Administration and also as a private practitioner in Lafayette at the time of the incidents giving rise to the instant lawsuit. Without addressing the reasons therefor, the plaintiff alleges the Board improperly revoked his license to practice as a psychologist in Louisiana. The plaintiff alleges he appealed the revocation of his license to the Nineteenth Judicial District Court for the Parish East Baton Rouge, Louisiana, which "vacated the entire prosecution of Dr. Cerwonka as unconstitutional and violating both Louisiana state and [f]ederal civil rights laws and other constitutional mandates."[1] Thereafter, the plaintiff filed the instant lawsuit seeking damages "for the egregious violations of his rights which have resulted in his loss of his Veterans Administration job as well as considerable additional monetary damages, a loss of reputation and loss of his ability to provide services for health providers."[2] In his Complaint, the plaintiff alleges the matter is brought "under 28 U.S.C. §1331, Federal Question, as well as 28 U.S.C. §1343(a)(3), Jurisdiction under 42 U.S.C. §1983."[3]

In the instant motion, the defendant argues the plaintiff's claims against it

---

[1] *See* opposition brief of plaintiff, Doc. 8, at p. 3.

[2] *Id.*

[3] *See* plaintiff's Complaint, Doc. 1, at ¶2.

should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because it is a state agency, and, under the Eleventh Amendment, the plaintiff is barred from obtaining relief against a state agency.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir.2012), *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir.1998). Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id., quoting Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998).

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994). Moreover, the court may consider affidavits and other evidence outside the pleadings in resolving a motion to dismiss under Rule 12(b)(1). *Williamson v. Tucker,* 645 F.2d

4047, 412–13 (5th Cir.1981). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). Thus, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 318 (5th Cir. 2012) (unpublished), *citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2011). When a district court finds it lacks subject matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

Where a dismissal is sought on grounds of both want of federal jurisdiction as well as failure to state a claim, and both grounds for dismissal apply, the Fifth Circuit has held the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6). Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum. *See, e.g., Hitt v. City of Pasadena*, 561

F.2d 606, 608 (5th Cir. 1977).

### III. ANALYSIS

The defendant seeks dismissal of the claims against it on grounds it is a state agency that is immune from suit under the Eleventh Amendment. A claim is properly dismissed under Rule 12(b)(1) where the relief sought by the plaintiff against a particular defendant is barred by the Eleventh Amendment.

The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. Const. amend. XI; *see, e.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (recognizing that an individual may sue a state if the state consents or Congress abrogates the state's sovereign immunity pursuant to the Fourteenth Amendment), *cited in Fairley v. Louisiana*, 254 Fed.Appx. 275, 276-77 (5th Cir. 2007) (unpublished). A suit against a state agency or department is considered a suit against the state under the Eleventh Amendment. *See, e.g., Coll. Sav. Bank*, 527 U.S. at 671, 119 S.Ct. 2219; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("It is clear, of course, that ... a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment."). "The Eleventh Amendment [also] bars a

suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101, 104 S.Ct. 900, *cited in Fairley*, 254 F. App'x at 277. "[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* (internal citations and quotations omitted).

Although acknowledging there is no jurisprudence directly finding that the Louisiana State Board of Examiners of Psychologists, which was created by the Louisiana Department of Health and Hospitals ("LDHH"), is a state agency, defendant argues the Board is similar to the Louisiana State Board of Medical Examiners, which was also created by the LDHH, and which has been held to be a state agency entitled to Eleventh Amendment immunity. Because the Board argues it has not waived its immunity from suit, it asserts the plaintiff's claims against it are barred. The Board's argument is well-taken.

The Louisiana Revised Statutes define state agency as follows:

(2) "Agency" means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts.

La. Rev. Stat. §49:951(2).

The Louisiana State Board of Examiners of Psychologists is created by La. Rev. Stat. §37:2353, which states:

> §2353. State board of examiners; organization; duties; meetings; fees
>
> A. (1) There is hereby created within the Louisiana Department of Health a Louisiana State Board of Examiners of Psychologists which shall be subject to the provisions of R.S. 36:803. The board shall consist of five members who are citizens of the United States, residents of the state of Louisiana, and appointed by the governor.
>
> [ . . . ]
>
> C. The board is authorized and empowered to:
>
> (1) Adopt, and from time to time, revise, such rules and regulations not inconsistent with the law as may be necessary to effect the provisions of this Chapter.
>
> (2) Employ, within the limits of the funds received by the board, an administrative assistant, general legal counsel, or other personnel necessary for the proper performance of work under this Chapter.
>
> (3) Adopt a seal, which shall be affixed to all licenses issued by the board.
>
> ***(4) Examine for, deny, approve, revoke, suspend, and renew the licenses of applicants, candidates, and psychologists as provided under this Chapter.***
>
> ***(5) Conduct hearings upon complaints concerning the disciplining of a person licensed pursuant to the provisions of this Chapter and within the limitations established under Chapter 1-A of Title 37 of the Louisiana Revised Statutes of 19501.***
>
> (6) Cause the prosecution and enjoinder of all persons violating this

8

> Chapter, and incur necessary expenses therefor.
>
> D. The board shall have the authority to correct an error made in processing an application, examining a candidate, investigating a complaint, rendering due process during hearings, or in any of its other activities.
>
> E. Any person aggrieved by an action of the board may seek judicial review in the district court for the parish of East Baton Rouge in accordance with the Administrative Procedure Act, R.S. 49:950 et seq.

*Id.* (emphasis added).

La. Rev. Stat. §36:803, which is expressly applicable to the Board, states in relevant part:

> A. (1) Each of the agencies transferred by the provisions of R.S. 36:4.1(D), R.S. 36:209(D), R.S. 36:259(E), R.S. 36:309(D), R.S. 36:409(D), and R.S. 36:509(C), ***all of which are charged by law with the responsibility for the regulation, examination, certification, and licensing of persons in this state, and the enforcement of the laws relating thereto, shall continue to be composed and selected as provided by law, and each shall continue to exercise all of the powers, duties, functions, and responsibilities provided or authorized for each by the constitution or laws which are in the nature of policymaking, rulemaking, certification, licensing, regulation, enforcement, or adjudication and also shall continue to exercise all advisory powers, duties, functions, and responsibilities provided by law***.
>
> (2) In addition, each of those agencies shall continue to impose, collect, and retain license or certification fees as provided by law; issue and renew certificates for qualified applicants, set standards for and approve the preparation, conduct, and administration of its own examinations, and be responsible, as otherwise provided by law, for carrying out the laws relative to its profession or occupation to the extent that such laws provide for rulemaking, certification, licensing, regulations, testing, inspection, enforcement, and adjudication by the agency.

La. Stat. Ann. §36:803(A) & (B) (emphasis added).

In *Fairley*, the Fifth Circuit recognized that the Louisiana State Board of Medical Examiners is a state agency for purposes of Eleventh Amendment Immunity. 254 Fed.Appx. at 277 (noting that the plaintiff did "not dispute that the Board is a state agency, [and did not contend that] Louisiana has consented to suit or that its sovereign immunity has been abrogated," and holding the Eleventh Amendment therefore barred the relief sought against the Board and the State of Louisiana).

The Louisiana State Board of Examiners of Psychologists argues that the statute creating its existence and the statute creating the Board of Medical Examiners are similar, with similar powers and rights being granted to each Board, and with each Board being subject to the provisions of La. Rev. Stat. 36:803.[4] Each board is created within the Louisiana Department of Health and each is given oversight over their respective fields. Section 36:803(A) charges each Board with the "responsibility for the regulation, examination, certification, and licensing of persons in this state, and the enforcement of the laws relating thereto" over its members. Furthermore, the statute creating each board outlines the requirements for the composition of each board.

---

[4] Similar to the first section of La. Rev. Stat. §37:2353, Section 37:1263(A) states "The Louisiana State Board of Medical Examiners is hereby created within the Louisiana Department of Health and is subject to the provisions of R.S. 36:803." La. Rev. Stat. §37:1263(A).

10

The plaintiff's argument that the Board's financial autonomy prohibits the Board from being a state agency is not persuasive. This Court notes the Louisiana Board of Medical Examiners – which, again, has been held to be a state agency for purposes of Eleventh Amendment immunity – is also financially autonomous under Louisiana statutory authority.[5] Accordingly, the undersigned concludes the financial autonomy of the Louisiana State Board of Examiners of Psychologists does not militate in favor of a finding that the Board is not a state agency.

Considering the foregoing, the undersigned finds the Louisiana State Board of Examiners of Psychologists is a state agency for purposes of Eleventh Amendment immunity, and the plaintiff's claims against it are barred in federal court. For this

---

[5] La. Rev. Stat. §37:1269 addresses the financial autonomy of the Louisiana State Board of Medical Examiners, as follows:

> All monies collected by the board shall be deposited in the treasury of the board. All expenses of the board and compensation of board members and employees shall be paid out of the funds of the board only and shall never be a charge on the state.

La. Rev. Stat. §37:1269.

Similarly, with respect to the Louisiana State Board of Examiners of Psychologists, La. Rev. Stat. §37:2353(G) states:

> This board shall be financially self-sufficient. It shall receive no state funds through appropriation or otherwise and shall not expend any such state funds. No state funds shall be expended or committed to expenditure for the group benefits program or any other health insurance or employee benefit program, for any retirement system, for any salary, per diem payment, travel or expenses, office supplies and materials, rent, purchase of any product or service, or for any other purpose.

La. Rev. Stat. §37:2353(G).

11

reason, the plaintiff's claims should be dismissed without prejudice. Because the undersigned recommends that the matter be dismissed on jurisdictional grounds, the undersigned does not reach the movant's arguments raised under Rule 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [Doc. 5] be GRANTED IN PART to the extent that the motion is urged under Rule 12(b)1) for lack of federal jurisdiction, and that the plaintiff's claims against the Board be DENIED AND DISMISSED WITHOUT PREJUDICE. The undersigned makes no recommendation on the movant's request for a dismissal under Rule 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 26th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE