UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ERIC R. CERWONKA, PSYD.  CIVIL ACTION NO. 17-CV-1095

VERSUS  UNASSIGNED DISTRICT JUDGE

LOUISIANA STATE BOARD
OF EXAMINERS OF
PSYCHOLOGISTS, ET AL  MAGISTRATE JUDGE WHITEHURST

MEMORANDUM ORDER

Before the Court is Defendant Jamie Monic's Motion to Dismiss Jamie Monic Pursuant to FRCP 4(m).[1] [Rec. Doc. 20] Plaintiff has filed a memorandum in opposition to the motion. [Rec. Doc. 23]. For the following reasons, motion is DENIED without prejudice to Monic's right to reurge the motion at a later date if appropriate.

*Background*

On January 5, 2018, Plaintiff filed an Amended And Supplemental Suite For Damages For Violation of Civil Rights naming Jamie Monic ("Monic") as an additional defendant in this matter. *R. 14.* In her motion to dismiss, Monic claims that service of the complaint has not been made on her pursuant to Federal Rule of

---

[1] The Court construes this motion as a motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

Civil Procedure 4(m) within 90 days of the filing of the complaint. Accordingly, Monic seeks dismissal for failure to timely effect service upon her.

Plaintiff opposes the motion claiming that Monic was provided a mailed copy of the notice of the lawsuit by certified mail and that the standard request to waive service of summons was included in that mail. Plaintiff asserts that the mailing was received by Monic's office on January 8, 2009. Plaintiff further contends that after the deadline for receipt of the Waiver of Service had passed, Monic was served *though her office* by a process server on February 5, 2019. Finally, Plaintiff asserts that Monic has had notice of the suit for months, as indicated by her counsel. Plaintiff has attached to her opposition the certified mail receipt for the Notice of a Lawsuit and Request To Waive Service of a Summons, as well as the Proof of Service.

*Law and analysis*

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner. Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Additionally, Federal Rule of Civil Procedure 4(l) provides that unless service is waived, proof of service must be made to the court by affidavit.

A Court faced with a defendant's 12(b)(5) motion to dismiss for failure to timely serve must undertake a two-part inquiry. First, the Court must determine if the plaintiff can show "good cause" for its failure to timely serve. If good cause exists, the Court is required to extend the 90 day period for service of process. If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. Pugh v. Bank of Am., 14766, 2017 WL 1427015 (E.D. La. 2017).

In this case, Monic claims that service of the amended complaint, which names her as a defendant, has never been made on her. *R. 20-1*. Therefore, Monic requests dismissal without prejudice. *Id.* Despite Monic's contentions, Plaintiff insists that Monic was, if fact, served. *R. 23*. Plaintiff submits the Proof of Service in support of this claim. *R. 23-2*. While the Proof of Service states that the process server "personally served the summons on Jamie Monic" at the address of her office, the Court is concerned by the language contained in Plaintiff's opposition brief indicating that Monic was not, in fact, personally served but was served *through her office." R. 23, p. 1*.

The party making service has the burden of demonstrating its validity when a Rule 12(b)(5) objection is made. *Quinn v. Miller,* 470 Fed. Appx. 321, 323 (5th Cir.

2012). Federal Rule of Civil Procedure 4(e)(2) requires (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Because it is not clear from the record that valid service was made, the Court will, in its discretion, ORDER that the time for service be extended in order for Plaintiff to either obtain a waiver of service from Monic or re-serve Monic within 30 days from the date of this ORDER.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is DENIED. The Defendant shall maintain the right to re-urge the motion, if appropriate, after the Amended Complaint has been re-served or in the event service is not properly effected.

THUS DONE AND SIGNED this 6th day of August 2018 at Lafayette, Louisiana.

*[signature]*
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE